LEOPOLD MASSELL *vs.* PROTECTIVE MUTUAL FIRE INSUR-
ANCE COMPANY.

SAME *vs.* SAME.

SAME *vs.* SAME.

A fire insurance company issued two policies of insurance dated March 22, 1895,
one on furniture described as " contained in the frame building occupied as a
dwelling only, situate at Willard avenue," the other on a " one and one-half
story and basement building occupied as a dwelling only, situated at Willard
avenue." At the date of these policies the plaintiff was living in house No.
245 Willard avenue, but was fitting up a cottage No. 247 Willard avenue for
his own occupancy, with a store in the basement and his dwelling above. After
moving into the cottage the plaintiff, June 5, 1895, took out a policy from
the same company on the stock of goods in the store ascribed as " in the three
story brick and frame building, occupied as a dwelling and store, situated at
247 Willard ave." Subsequently a fire occurred, and the plaintiff brought
suits on the policies. At the trial the plaintiff testified in regard to the first
two policies that the treasurer of the company had come to him and solicited
the insurance before he had moved into the cottage and was then told by the
plaintiff the purpose for which he was repairing the cottage, and that he
would insure when it was done, and that the treasurer replied that he could
do so now ; and further that the said two policies were not paid for nor de-
livered until after the plaintiff had moved into the cottage. The plaintiff's
testimony was uncontradicted.

*Held*, that upon the facts testified to by the plaintiff the first two policies, of
March 22, 1895, must be regarded as intended to attach to the cottage and the
furniture after the alteration of the cottage and the plaintiff had moved
into it.

*Held*, further, that as to the policy on the goods in the store dated June 5, 1895,
the misdescription of the cottage as " a three story " building was not mislead-
ing to the company since it knew and specified the house as 247 Willard
avenue.

A condition in a policy of insurance making it payable " sixty days after due
notice, ascertainment, estimate and satisfactory proof of the loss," being for
the benefit of the insurer, may be waived by him, and is waived by a denial
in advance of all liability for the loss ; and in such case where the insured
brought his action on a policy sixty-one days after loss the fact that he filed
formal proofs of loss two days only before bringing suit is immaterial.

DEFENDANT'S petitions for new trials.

*July* 18, 1896. STINESS, J.   Three suits were tried to-
gether upon three policies of insurance issued by the defend-
ant to the plaintiff, resulting in a verdict for the plaintiff

upon each, and the defendant petitions for new trials upon the grounds that the verdicts are against the evidence and for errors in rulings.

Two of the policies were dated March 22, 1895, at which time the plaintiff was living in a house No. 245 Willard avenue; one policy, of $400, covering furniture described as "contained in the frame building, occupied as dwelling only, situate at Willard avenue," and the other policy, of $600, covering his 1 1-2 story and basement frame building, "occupied as a dwelling only, situated at Willard avenue." At the date of these policies the plaintiff was repairing the cottage for his own use, with a store in the basement and his dwelling above, and he told the treasurer of the company, who came to solicit the insurance, the purpose for which he was fixing the cottage, and that he would insure when it was done. The treasurer replied that he could do so now, but nothing more appears in the testimony of the talk at that time. In a few weeks the cottage was done, and the plaintiff moved into it, and on June 5, 1895, he took out another policy of $200 on the stock of goods in the store described as "in the three story brick and frame building, occupied as a dwelling and store, situated at 247 Willard ave." The fire occurred August 10, 1895. The defendant offered no testimony at the trial, except upon the question whether it had denied its liability under the policies and thus had waived its right to require proofs of loss, but relied in defence upon the claims that the furniture policy was void because the goods had been moved; that the house policy was void because it had been in alteration and repair for more than fifteen days; and that the store policy was void because it misdescribed the property as a three story building, and so misled the defendant. The plaintiff testified that the first two policies were not delivered, nor paid for until after he had moved into the cottage.

Undoubtedly, if the contract had been understood to be made as of the date of the policies, a removal of the goods and the alteration of the house without notice, and contrary to the terms, would have avoided them. *Lyons* v. *Provi-*

*dence Washington Ins. Co.,* 14 R. I. 109 ; *Wilson* v. *Conway Fire Ins. Co.,* 4 R. I. 141.

The trouble is this : We cannot say that the policies did not attach to the repaired cottage in both cases. It is true that they are dated earlier than the time of the completion and removal, but on the other hand, the policies do not specify the house intended to be covered ; the company was notified that the plaintiff would not be ready for them until he had moved, and they were not delivered nor paid for until the cottage was repaired and he had moved into it.

These facts seem to show that both parties must have understood the matter as the plaintiff says it was. If the defendant had shown that there was an earlier delivery of the policies, this would have settled the matter, at least as to the furniture. But, as the case stands on the plaintiff's testimony, the policies attached to the cottage when he moved into it, and there was no removal of furniture nor repairs after that. The verdict was not, therefore, against the evidence, nor was there error in rulings, with reference to these two policies upon these points.

The policy on the stock of goods in the store described the building in which they were as 247 Willard ave. No misdescription in application by the plaintiff is shown, and as the company knew and specified the particular house, we do not see how it could have been misled, even though it also described the building as one of three stories. It is quite possible that whoever attended to this business for the company, not very skillfully done in other respects, may have counted the basement, main floor and attic, each as a story.

It is also argued that the testimony shows that the plaintiff's wife was the owner of the stock of goods, and so the plaintiff cannot recover on that policy. It does not clearly so appear.

It is also claimed that the use of the basement for a store made the risk more hazardous, and thus avoided the policy on the house. No testimony was offered to show an increase of risk. As the stock in the store consisted of a small lot of

dry goods, the increase of risk is not so apparent as to enable us to say that the verdict was wrong. As both policies applied to the same house, the issuing of a policy on the goods in the store must be taken to be a consent to the use of the basement for that purpose. Moreover, as neither of these points were taken at the trial, when the plaintiff could have made the testimony more clear, the defendant has no right to insist upon them now.

An exception was taken to a ruling that applied to all of the policies, which is the only question outside of those already considered. The policies were payable "sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss." The fire was on August 10th, and the suits were brought October 10th, sixty-one days after. The company was notified of the fire at once, and the secretary and manager were there about three hours after the fire. Formal proofs of loss were filed October 8, 1895, two days before these actions were brought. The plaintiff testified that the company denied all liability under the policies, and the judge at the trial ruled that such denial of liability waived the conditions requiring proofs of loss. A party may waive conditions which are intended for his benefit. Proofs of loss are for the benefit of the insurer, to give information of the extent and character of the loss. But they are of no avail if the insurer, in advance, denies all liability for the loss. Their production would be only an idle ceremony which the law will not require of the insured. May on Insurance, § 469 ; Heaton v. Manhattan Fire Ins. Co., 7 R. I. 502. If, therefore, the plaintiff had the right, by reason of such denial, to bring his actions without filing proofs of loss at all, we do not see how he lost it by filing the proofs afterwards. The position of the company was not changed. It is true that the defendant offered testimony to show that it did not deny liability ; but a strong support for the finding of the jury that it did, appears in the fact that the defendant claimed at the trial, as it claims now, that it was not liable under either policy.

We are of the opinion that the defendant makes no case

for a new trial, upon the evidence or the rulings, and the petitions are dismissed.

*John W. Hogan*, for plaintiff.

*Cassius L. Kneeland*, for defendant.